IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| Vincent J. Beaton, # 196947, | ) | C/A NO. 9:09-3176-CMC-BM |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Officer D. Lindsey; Officer NFN Sewell; Warden Claytor; Bob Olsen; Steven J. Reck; Ms. Cocciolone; Mr. Najjor; Warden McCall; and Mr. Kirsch, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On October 6, 2010, the Magistrate Judge issued a Report recommending that Plaintiff's motion for summary judgment be denied, and that Defendants be granted summary judgment and this matter dismissed with prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

1

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff moved for summary judgment in this matter. In response, Defendants argued in opposition, and submitted affidavits and other evidence to refute Plaintiff's claims. However, Defendants have not specifically moved for summary judgment. Authority exists which provides that a district court may grant summary judgment to a non-moving party. Courts of Appeals have determined that district courts may *sua sponte* grant summary judgments to a non-moving party, provided that notice and opportunity have been given for the parties to respond. *See*, *e.g.*, *Kassbaum v. Steppenwolf Prods., Inc.*, 236 F.3d 487, 494 (9th Cir. 2000) (quoting *Cool Fuel Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir. 1982)) ("When one party moves for summary judgment and at a hearing the record reveals no genuine dispute on a material fact, 'the overwhelming weight of authority supports the conclusion that . . . the court may sua sponte grant summary judgment to the

non-moving party.' "), *cert. denied*, 534 U.S. 815, 122 S.Ct. 41 (2001); *Ramsey v. Coughlin*, 94 F.3d 71, 73 (2d Cir. 1996) (stating that it is generally established that " 'the trial court is not precluded from entering summary judgment for the non-movant if, in reality, no factual dispute exists and the non-movant is entitled to summary judgment as a matter of law.' ") (quoting 6 James W. Moore, Moore's Federal Practice ¶ 56.12, at 56-165 (2d ed.1995)); *Chambers Dev. Co., v. Passaic County Utils. Auth.*, 62 F.3d 582, 584 n. 5 (3d Cir. 1995); *Yu v. Peterson*, 13 F.3d 1413, 1415 (10th Cir. 1993) (quoting *Cool Fuel Inc.*, *supra*, at 311). *See also Gibson v. Mayor and Council of City of Wilmington*, 355 F.3d 215, 223 (3d Cir. 2004) (district court may grant summary judgment *sua sponte* if "the court gives notice and an opportunity to oppose summary judgment").

The Magistrate Judge, by entry of the Report and Recommendation, has provided Plaintiff with notice and an opportunity to respond to the recommendation that summary judgment be granted to Defendants, the non-moving party, and that this matter should be dismissed with prejudice. Plaintiff was given notice that failure to respond to the Report and Recommendation could result in, *inter alia*, dismissal of this matter. Plaintiff has failed to respond to the Report. Therefore, as Plaintiff has had notice and opportunity to respond to the recommendation that summary judgment should be granted to Defendants and he has failed to respond, Plaintiff's motion for summary judgment is denied. Defendants are granted summary judgment and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 5, 2010

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\09-3176 Beaton v. Lindsey adopt rr gr sumjgm no obj.wpd